UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| RICHARD N. BELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:15-cv-00973-JMS-MJD |
| | ) | |
| FIND TICKETS, LLC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ON DEFENDANT'S MOTION TO QUASH DISCOVERY AND FOR PROTECTIVE ORDER

This matter is before the Court on a *Motion to Quash Discovery and For Protective Order*, filed by Defendant Find Tickets, LLC. [Dkt. 35.]  Defendant seeks an order quashing discovery served by Plaintiff and a protective order prohibiting Plaintiff from deposing officers of Defendant. For the reasons set forth below, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion.

### I.       Procedural Background and Relevant Facts

A photograph of the downtown Indianapolis skyline is at the heart of this copyright infringement action.  Plaintiff Richard N. Bell ("Bell") took the photograph in 2000 and now alleges that Defendant published it on a website without authorization.  [Doc. 1.] On September 4, 2015, Defendant filed a motion to dismiss for lack of personal jurisdiction. [Dkt. 18.] Defendant, a for-profit corporation organized under the laws of Georgia with its principal place of business in Georgia, asserts it is improper for this Court to exercise personal jurisdiction over it based upon its limited sales in Indiana and the operation of a website accessible to users in Indiana. [Dkt. 19 at 3-4.]  On September 21, 2015, Bell served discovery on Defendant and

1

requested deposition dates for Jonathan Dustin McKeon, one of Defendant's owners. [Dkt. 36 at 1; Dkt. 36-3.] Bell asserts he needs responses to this discovery and the deposition to respond to Defendant's motion to dismiss.

Defendant filed this Motion on October 5, 2015, asserting that the 13 interrogatories and requests for production "far exceed the scope of a reasonable jurisdictional inquiry." [Dkt. 36 at 4.] For example, Bell requests all sales revenue and tax returns for calendar years 2010-2015. Defendant further contends Bell should be enjoined from taking the deposition of any of Defendant's owners for the purposes of responding to the motion to dismiss.

## II. Jurisdictional Discovery Standard

When a defendant requests dismissal for lack of personal jurisdiction, it submits itself to the procedures of the court for the limited purpose of deciding the jurisdictional issue. *Ellis v. Fortune Seas, Ltd*., 175 F.R.D. 308, 311 (S.D. Ind. 1997). The court has the power to require a defendant to respond to discovery requests relevant to the motion to dismiss. *See id*. A court may limit, or deny, discovery on jurisdictional issues where the plaintiff fails to make a colorable or prima facie showing of personal jurisdiction. *See id*. at 312; *see also Draper, Inc. v. Mechoshade Systems, Inc*., 2011 WL 1258140 (S.D. Ind. 2011).

Using its power to control discovery under Rule 26(b)(2), a court should ensure that litigation of the jurisdictional issue does not undermine the purposes of personal jurisdiction law in the first place. *Ellis*, 175 F.R.D. at 312. To that end, a court should deny jurisdictional discovery when a plaintiff's request "is only based upon bare, attenuated, or unsupported assertions of personal jurisdiction, or when a plaintiff's claim appears to be clearly frivolous." *Anderson v. Sportmart, Inc*., 179 F.R.D. 236, 241 (N.D. Ind. 1998).

### III.    <u>Discussion</u>

Defendant seeks to quash Bell's discovery arguing that Bell failed to make the required *prima facie* case of personal jurisdiction to authorize the taking of jurisdictional discovery. While the merits of Defendant's motion to dismiss are not properly before the Court in this Motion to Quash, we must first briefly review the Seventh Circuit's personal jurisdiction jurisprudence to frame this discovery issue.

Personal jurisdiction may be either general or specific depending upon the nature of the defendant's contacts with the forum state. *Tamburo v. Dworkin*, 601 F.3d 693, 701 (7th Cir. 2010). A defendant with "continuous and systematic" contacts with a state is subject to general jurisdiction there in any action, even if the action is unrelated to those contacts. *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 416 (1984). The threshold for general jurisdiction is high; the contacts must be sufficiently extensive and pervasive to approximate physical presence. *Purdue Research Foundation,* 338 F.3d at 787 n. 16. As such, isolated or sporadic contacts—such as occasional visits to the forum state—are insufficient for general jurisdiction. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985). Nor is the maintenance of a public Internet website sufficient, without more, to establish general jurisdiction. *See Tamburo,* 601 F.3d at 702.

Specific jurisdiction, on the other hand, requires the defendant's contacts with the forum state to "relate to the challenged conduct or transaction; we therefore evaluate specific personal jurisdiction by reference to the particular conduct underlying the claims made in the lawsuit." *Id. See also GCIU–Employer Ret. Fund v. Goldfarb Corp.,* 565 F.3d 1018, 1024 (7th Cir. 2009). Specific personal jurisdiction is appropriate where (1) the defendant has purposefully directed his activities at the forum state or purposefully availed himself of the privilege of conducting

business in that state, and (2) the alleged injury arises out of the defendant's forum-related activities. *Burger King*, 471 U.S. at 472. The exercise of specific personal jurisdiction must also comport with traditional notions of fair play and substantial justice as required by the Fourteenth Amendment's Due Process Clause. *Int'l Shoe v. Washington,* 326 U.S. 310, 316 (1945).

The Seventh Circuit has adhered to these traditional due process principles in its analysis of jurisdiction based upon Internet websites, advising courts to "be careful in resolving questions about personal jurisdiction involving online contacts to ensure that a defendant is not haled into court simply because the defendant owns or operates a website that is accessible in the forum state, even if that site is 'interactive'" *Illinois v. Hemi Group, LLC* 662 F.3d 754, 760 (7th Cir. 2010). The court has further cautioned that if the defendant merely operates a website, "even a 'highly interactive' website, that is accessible from, but does not target, the forum state, then the defendant may not be haled into court in that state without offending the Constitution." *BE2 LLC v. Ivanov*, 642 F.3d 555, 559 (7th Cir. 2011).

Whether Bell is entitled to jurisdictional discovery boils down to this inquiry: Has Bell made a colorable showing that personal jurisdiction might exist over Defendant? *See e.g. Andersen v. Sportmart, Inc*., 179 F.R.D. 236, 241 (N.D. Ind. 1998). Defendant argues that outside of the website, Bell's showing consists only of an "unsubstantiated allegation" that Defendant conducts business in Indiana. [Dkt. 36 at 3.] Yet, as Bell points out, Defendant's own affidavit offered in support of its motion to dismiss admits it has generated revenue through sales in Indiana. Mr. McKeon estimated in that affidavit that "less than 1% of Find Tickets (sic) income is from Indiana related sales." [Dkt. 19-1 at ¶8.] The Court may ultimately determine this small amount of business is not enough to support a finding of personal jurisdiction over the

Georgia company; however, it is sufficient to constitute a "colorable showing" that personal jurisdiction may exist.

It follows from this colorable showing of personal jurisdiction that Bell is entitled to jurisdictional discovery. The Court now must determine whether the discovery served by Bell exceeds the scope of permissible jurisdictional discovery. Bell seeks responses to 13 interrogatories and related requests for production. Defendant argues the discovery is focused on liability issues, rather than a jurisdictional inquiry. For example, Bell seeks information regarding any and all websites owned or created by Defendant and information surrounding the alleged unlawful use of the Indianapolis photo.

To defeat Defendant's motion to dismiss, Bell can either show Defendant had extensive and pervasive contact with Indiana (general jurisdiction) or that Defendant "purposely availed" itself of the privilege of conducting business in Indiana *and* the alleged copyright infringement arose from Defendant's conducting business in Indiana (specific jurisdiction). Portions of Bell's discovery address these jurisdictional issues. However, for the sake of clarity and precision, the Court orders Defendant to respond to the following interrogatories, as revised, pursuant to the penalties for perjury, on or before **December 1, 2015**:

1. State by month the number of sales made by Defendant in Indiana for each month from January 2010 to the present.

2. State by month the total gross revenue generated by sales in Indiana for each month from January 2010 to the present.

3. State with particularity how Defendant came into possession of the photograph at issue in the lawsuit, if at all, and the date such possession began.

4. If the photograph at issue in the lawsuit was in Defendant's possession, custody or control at any time, explain how the photograph was used by Defendant and state with particularity each and every circumstance in which the photograph was used by the Defendant.

5

5. Did Defendant use the photograph at issue in the lawsuit in relation to any activity that resulted in a sale?  If so, explain the circumstances of its use and identify any sales that occurred within the State of Indiana during the period of such use.

The remaining discovery requests are outside the scope of the jurisdictional inquiry. While the Court makes no finding as to whether those requests are appropriate in other respects, Defendant's motion to quash those requests pending a ruling on Defendant's motion to dismiss is **GRANTED**.  Additionally, it is not necessary to depose an owner of Defendant for the purposes of responding to the motion to dismiss and Defendant's motion to quash that deposition is also **GRANTED**. Following a ruling on the motion to dismiss, the parties may resume discovery without regard to this order in the event this matter remains pending necessary.

### IV.      Conclusion

Based on the foregoing, the Court **GRANTS IN PART** and **DENIES IN PART** *Defendant's Motion to Quash Discovery and For Protective Order*. [Dkt. 35.] Defendant shall respond to Bell's discovery as outlined above on or before **December 1, 2015**. The Court also **GRANTS** Bell's *Motion for Extension of Time to Respond to Motion to Dismiss*. [Dkt. 21.] Plaintiff shall file his response to Defendants motion to dismiss on or before **December 16, 2015**.

Dated:  05 NOV 2015

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Richard N. Bell
BELL LAW FIRM
richbell@comcast.net

John W. Nelson
LAW OFFICE OF JOHN NELSON
jwnelso1@yahoo.com

6