UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| Richard N. Bell, | ) |
| *Plaintiff*, | ) ) ) |
| vs. | ) ) No. 1:15-cv-00973-JMS-MJD ) |
| Find Tickets, LLC, | ) ) |
| *Defendant*. | ) |

**ORDER**

Presently pending before the Court is Defendant Find Tickets, LLC's ("Find Tickets") Motion to Dismiss for Lack of Personal Jurisdiction. [Filing No. 18.] Find Tickets seeks to dismiss Mr. Bell's Complaint for copyright infringement and unfair competition. [Filing No. 1.] For the reasons stated herein, the Court **GRANTS** Find Tickets' Motion to Dismiss. [Filing No. 18.]

**I.**
**BACKGROUND**

The Court draws the following facts from the parties' pleadings and evidence.

Mr. Bell, a resident of Indiana, owns a photo of the Indianapolis skyline, which the parties call the Indianapolis Photo (the "photo"), and which he registered with the United States Copyright Office in 2011. [Filing No. 1 at 2.] Find Tickets, a limited liability company located in Georgia, operates a website with the domain name of findticketsfast.com. [Filing No. 1 at 2; Filing No. 19 at 1.] Find Tickets claims that it "does not maintain any offices in Indiana, has no employees in Indiana, holds no assets in Indiana, pays no taxes to the state of Indiana, and has no bank or other financial institution accounts in Indiana." [Filing No. 19 at 3.] Find Tickets is owned by Georgia

1

residents William McKeon and Jonathan McKeon, both of whom have neither lived in Indiana nor set foot in Indiana. [Filing No. 19 at 1; Filing No. 19 at 4.]

Mr. Bell claims that Find Tickets published the photo on its website without his permission. [Filing No. 19 at 3.] He found the photo on Find Tickets' website when he performed an internet search on Google. [Filing No. 19 at 3.] Mr. Bell has filed a claim against Find Tickets for copyright infringement for publishing the photo on its website without Mr. Bell's permission. [Filing No. 1 at 3.] Find Tickets now moves to dismiss Mr. Bell's Complaint on the basis that no personal jurisdiction exists over it. [Filing No. 18.]

## II.
### APPLICABLE LEGAL STANDARD

When a defendant moves to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(2), "[t]he plaintiff bears the burden of showing that personal jurisdiction over the defendant exists." *Claus v. Mize,* 317 F.3d 725, 727 (7th Cir. 2003). When, as here, the Court "rules on a defendant's motion to dismiss based on the submission of written materials, without the benefit of an evidentiary hearing . . . the plaintiff 'need only make out a prima facie case of personal jurisdiction.'" *Purdue Research Found. v. Sanofi–Synthelabo, S.A.,* 338 F.3d 773, 782 (7th Cir. 2003) (quoting *Hyatt Int'l Corp. v. Coco,* 302 F.3d 707, 713 (7th Cir. 2002)). Factual disputes, however, are resolved in the plaintiff's favor. *Id.*

"A federal district court's personal jurisdiction over a defendant is established in a diversity-jurisdiction case . . . only so long as the defendant is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." *Northern Grain Mktg., LLC v. Greving,* 743 F.3d 487, 491 (7th Cir. 2014). Indiana Trial Rule 4.4(A) serves as Indiana's long-arm provision and expands personal jurisdiction to the full extent permitted by the Due Process

Clause. See *LinkAmerica Corp. v. Cox,* 857 N.E.2d 961, 965–66 (Ind. 2006). "Thus, the statutory question merges with the constitutional one—if [Indiana] constitutionally may exercise personal jurisdiction over a defendant, its long-arm statute will enable it to do so." *Northern Grain,* 743 F.3d at 492.

"The federal constitutional limits of a court's personal jurisdiction in a diversity case are found in the Fourteenth Amendment's due-process clause." *Id.* "[F]ederal constitutional law draws a sharp and vital distinction between two types of personal jurisdiction: specific or case-linked jurisdiction, and general or all-purpose jurisdiction." *Abelesz v. OTP Bank,* 692 F.3d 638, 654 (7th Cir. 2012). "If the defendant's contacts are so extensive that it is subject to general personal jurisdiction, then it can be sued in the forum state for any cause of action arising in any place. More limited contacts may subject the defendant only to specific personal jurisdiction, in which case the plaintiff must show that its claims against the defendant arise out of the defendant's constitutionally sufficient contacts with the state." *uBID, Inc. v. GoDaddy Group, Inc.*, 623 F.3d 421, 425 (7th Cir. 2010).

### III.
### DISCUSSION

Find Tickets moves to dismiss Mr. Bell's Complaint on the basis that no specific jurisdiction exists.[1] [Filing No. 18 at 7.] Find Tickets cites to *Bell v. Kirchner*, 2014 WL 900923 (S.D. Ind. 2014), and claims that the district court found it did not exercise personal jurisdiction over a non-resident defendant accused by Mr. Bell of copyright infringement of the photo. [Filing

---

[1] Find Tickets also argues that this Court does not have general jurisdiction over it. However, because Mr. Bell's response raises no affirmative arguments pertaining to general jurisdiction, Mr. Bell has waived this argument. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument — as [Defendants] have done here — results in waiver."); *see also Goodpaster v. City of Indianapolis*, 736 F.3d 1060, 1075 (7th Cir. 2013).

3

No. 19 at 5.] Find Tickets highlights several excerpts from *Kirchner*, particularly that "a defendant cannot be brought into a jurisdiction 'solely as a result of random, fortuitous, or attenuated contacts or of the unilateral activity of another party or third person.'" [Filing No. 18 at 5-6.]

In response, Mr. Bell argues that this Court can exercise specific jurisdiction over Find Tickets. [Filing No. 43 at 12.] First, he argues that Find Tickets' conduct was purposely directed at Indiana because its employee admitted to "intentional conduct by purposely copying the photo onto the company server which was visible on the internet." [Filing No. 43 at 4.] Mr. Bell further claims that Find Tickets maintained business contacts with Indiana over the past five years and made over 3,800 individual sales with Indiana residents. [Filing 43 at No. 6-7.] Second, Mr. Bell contends that his injury arises out of Find Tickets' forum-related activities with Indiana because Find Tickets permitted an employee to download the photo onto its server, and that it used the photo on its own website until Mr. Bell notified Find Tickets of its copyright infringement. [Filing No. 43 at 10.] Lastly, Mr. Bell alleges that personal jurisdiction over Find Tickets comports with traditional notions of fair play and substantial justice. [Filing No. 43 at 11.]

In reply, Find Tickets cites to Seventh Circuit authority to support its argument that although Find Tickets' website can be accessed by Indiana residents, such activity is insufficient to establish personal jurisdiction because it bears no relation to Mr. Bell's claim of copyright infringement. [Filing No. 44 at 2-3.] Find Tickets claims that it displays tickets to various events through its website, that the photo has never been published by Find Tickets for any business purpose, and that although Find Tickets has a "fairly low volume" of sales in Indiana, it has never targeted Indiana for business purposes. [Filing No. 44 at 3.] Find Tickets further argues that the fact that Mr. Bell discovered the photo through a search on Google proves that he likely located the photo "*in a file located on the server*" and not on Find Tickets' website itself. [Filing No. 44

4

at 4-5 (original emphasis).] Moreover, Find Tickets claims that it would be a significant burden for it to defend the lawsuit in Indiana. [Filing No. 44 at 6-7.]

For the Court to exercise specific jurisdiction, the defendant must have purposefully availed itself of the privilege of conducting activities within the forum so that the defendant may reasonably anticipate being haled into court there. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474-75 (1985) (citing *Hanson v. Denckla,* 357 U.S. 235, 253 (1958)). Due process is satisfied so long as the defendant had "certain minimum contacts" with the forum state such that the "maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 800-01 (7th Cir. 2014). The relevant contacts are those that center on the relations among the defendant, the forum, and the litigation. *Id.* at 801 (citations omitted). However, "[f]or a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State." *Id.* Thus, the relation between the defendant and the forum "must arise out of contacts that the 'defendant *himself*' creates with the forum . . . ." *Id.* (original emphasis). Moreover, although no special test exists for internet-based cases, the Court focuses on whether the defendant has purposely exploited the Indiana market beyond the availability of the website in the forum state. *Id.* at 802-03 (citations omitted).

The Court finds no evidence in the record to demonstrate that specific personal jurisdiction exists over Find Tickets. Mr. Bell's arguments that Find Tickets maintains an interactive website that is accessible to Indiana residents and that it allegedly displayed the photo on its website are insufficient activities to demonstrate that it targeted or exploited the Indiana market. Seventh Circuit precedent has established that a defendant who "maintains a website that is accessible to Indiana residents should not be haled into court simply because the defendant owns or operates a

website that is accessible in the forum state, even if it is 'interactive.'" *Id.* at 803; *be2 LLC v. Ivanov,* 642 F.3d 555, 558 (citing *Illinois v. Hemi Grp., LLC,* 622 F.3d 754, 760 (7th Cir. 2010)).

However, to the extent that Find Tickets' revenue from its sales in Indiana establish some contacts, Mr. Bell has failed to demonstrate that such contacts are *suit-related*. As Find Tickets contends, Indiana residents who purchase tickets from Find Tickets' website are contacts unrelated to this litigation. The only factual claim made by Mr. Bell is that Find Tickets allowed an employee who was outside of Indiana to download the photo onto Find Tickets' server, which was apparently visible through an advanced search on the Internet. Under no relevant authority would that factual allegation suffice to support specific jurisdiction. *See Advanced Tactical Ordnance*, 751 F.3d at 801 (finding that although defendant distributed emails and fulfilled orders with residents of the forum state, such contacts were insufficient to establish personal jurisdiction because plaintiff failed to prove there was a link between those contacts and the litigation); *be2 LLC*, 642 F.3d at 559 ("All that [plaintiff] submitted regarding [defendant's] activity related to Illinois is the Internet printout showing that just 20 persons who listed Illinois addresses had at some point created free dating profiles on [defendant's website] . . . Even if these 20 people are active users who live in Illinois, the constitutional requirement of minimum contacts is not satisfied simply because a few residents have registered accounts on [defendant's website]"); *Hemi Grp. LLC*, 622 F.3d at 758 ("[Defendant] sold and shipped cigarettes to Illinois residents, and [defendant's] actions surrounding those sales triggered [plaintiff's] claims against it.") Thus, Mr. Bell has not demonstrated what contacts, if any, Find Tickets maintains in Indiana that arise from the copyright infringement claim.

Accordingly, the Court finds that specific personal jurisdiction has not been established.

## IV.
### CONCLUSION

For the reasons detailed herein, the Court **GRANTS** Find Tickets' Motion to Dismiss for lack of personal jurisdiction, [Filing No. 18], and **DISMISSES** Mr. Bell's claim of copyright infringement and unfair competition against Find Tickets **WITHOUT PREJUDICE** for lack of personal jurisdiction.  Final judgment shall issue accordingly.

Date:  March 22, 2016

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Richard N. Bell
BELL LAW FIRM
richbell@comcast.net

John W. Nelson
LAW OFFICE OF JOHN NELSON
jwnelso1@yahoo.com